IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELIJAH COLEMAN, # 250079, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv883-MHT |
| | ) | (WO) |
| CARTER DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Elijah Coleman ("Coleman") on July 28, 2014.  Doc. No. 1.[1] Coleman presents claims challenging his 2006 murder conviction in the Bullock County Circuit Court.  The respondents contend that Coleman's petition is time-barred by the one-year federal limitation period for § 2254 petitions.  *See* Doc. No.8.  After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Coleman's petition should be denied as untimely.

**II.   DISCUSSION**

**A.   AEDPA's One-Year Limitation Period**

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.  Coleman avers in his § 2254 petition that he signed the petition on July 28, 2014.  Doc. No. 1 at 26.  However, his petition was not received and filed in this court until August 20, 2014.  The lengthy delay is not explained.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. State Court Proceedings

On November 15, 2006, a Bullock County jury found Coleman guilty of murder, in violation of § 13A-6-2, Ala. Code 1975. *See* Doc. No. 8-1 at 1. On December 7, 2006, the trial court sentenced Coleman, as an habitual offender, to life in prison without parole. *Id*.; *see* Doc. 8-2 at 1.

In 2008, Coleman filed a petition for relief under Rule 32 of the Alabama Rules of Criminal Procedure, seeking an out-of-time appeal and raising substantive claims challenging his conviction

2

and sentence. *See* Doc. No. 8-5 at 2. On June 30, 2008, the trial court granted Coleman an out-of-time appeal, but denied the other claims in the Rule 32 petition. *Id*. On April 24, 2009, the Alabama Court of Criminal Appeals affirmed Coleman's conviction and sentence in a memorandum opinion. Doc. No. 8-2. Coleman did not timely apply for rehearing. The Alabama Court of Criminal Appeals issued a certificate of judgment on May 13, 2009. Doc. No. 8-3.

In November 2011, Coleman filed a second Rule 32 petition in the trial court. *See* Doc. No. 8-5 at 2. On July 18, 2012, the trial court denied the petition as successive and time-barred. *Id*. at 3. Coleman appealed, and on April 26, 2013, the Alabama Court of Criminal Appeals affirmed. *Id*. Coleman applied for rehearing, which was overruled by the Alabama Court of Criminal Appeals on June 14, 2013. Doc. No. 8-6. Coleman filed a petition for a writ of certiorari with the Alabama Supreme Court, which was denied on August 16, 2013. Doc. No. 8-7. A certificate of judgment was issued on that same date. *Id*.

### 2. Analysis of Timeliness under AEDPA

Because Colemen did not timely seek rehearing with the Alabama Court of Criminal Appeals or file a petition for writ of certiorari with the Alabama Supreme Court on direct review, his conviction became final on May 13, 2009, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment. *See, e.g., Brown v. Hooks,* 176 Fed. App'x 949, 951 (11th Cir. 2006). Thus, Coleman had until May 13, 2010, absent any tolling of the limitation period, to file a timely petition for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(a)(1)(A).

The federal limitation period ran unabated after May 13, 2009, expiring one year later on May 13, 2010. Although Coleman filed a second Rule 32 petition in November 2011, that petition, and the proceedings on that petition, had no tolling effect under 28 § 2244(d)(2), because the one-

year limitation period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (Rule 32 petition cannot toll the one-year limitations period under § 2244(d)(2) if that period has expired prior to filing the Rule 32 petition). As noted above, Coleman filed his § 2254 petition with this court on July 28, 2014 – over four years after the federal limitation period expired.

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Coleman such that the federal limitation period commenced on some date later than May 13, 2009 (when his judgment of conviction became final), or expired later than May 13, 2010. There is no evidence that any unconstitutional or illegal State action impeded Coleman from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Coleman presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Coleman submits no ground for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

### B. Equitable Tolling

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The burden of establishing entitlement to equitable tolling rests on the petitioner. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 1999).

Coleman maintains he is entitled to equitable tolling – and that the filing of his § 2254 petition beyond the limitation period should be excused – because his appellate counsel "waited (2) years after the 2009 affirmance [of his conviction on direct review] to notify [him] of [the]

results." Doc. No. 10 at 1. Coleman does not state the exact date on which his appellate counsel informed him of the disposition of his direct appeal. However, the record reflects that on March 28, 2011, in response to an inquiry from Coleman, the clerk of the Alabama Court of Criminal Appeals mailed Coleman a letter advising him that the certificate of judgment on his appeal had been issued on May 13, 2009. *See* Doc. No. 12-1. Coleman recounts no prior efforts on his part to contact his appellate counsel or the clerk of the state appellate court to ascertain the status of his appeal. That deficiency alone is arguably enough to show he fails to satisfy the diligence requirement for equitable tolling. *See San Martin*, 633 F.3d at 1269-70. Moreover, after receiving notice, Coleman waited until November 2011 to file a Rule 32 petition, and then waited over 11 more months after completion of state court proceedings on the Rule 32 petition to file his federal habeas petition in this court. Thus, Coleman filed his habeas petition over three years after he was informed that his direct appeal was final. Presuming, without deciding, that an alleged error by Coleman's appellate counsel (failing to inform Coleman of the status of his appeal) was sufficient to constitute "extraordinary circumstances," Coleman's three-year delay in filing his habeas petition following notice fails to satisfy the diligence requirement for equitable tolling. *See Felton v. Florida*, 153 Fed. App'x 620, 621 (11th Cir. 2005); *Williams v. Sec'y, Florida Dep't of Corr.*, 2015 WL 4459503 at *2 (M.D. Fla. Jul. 21, 2015); *United States v. Preyear*, 2010 WL 4026087 at *3 (S.D. Ala. Sep. 22, 2010).

Coleman's failure to demonstrate his diligence in pursuing his rights defeats his eligibility for equitable tolling. Because he did not file his petition within the AEDPA's limitation period, his petition is time-barred pursuant to § 2244(d).

### C. Actual Innocence

Coleman alleges his actual innocence of the crime of which he was convicted. *See, e.g.*, Doc. No. 1 at 12-13, 19. Demonstrated actual innocence may overcome a time bar in a habeas proceeding and act as a gateway through which a petitioner can pass to have the claims in his § 2254 petition reviewed. *See Rozzelle v. Secretary, Florida Dept. of Corrections*, 672 F.3d 1000, 1011 (11th Cir. 2012); *Wyzykowski v. Dept. of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that habeas petitioners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Coleman points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he reargues the sufficiency of – and the weight afforded to – the

6

evidence. Such arguments, which merely present Coleman's interpretation of the significance of evidence already presented at trial, will not sustain a claim of actual innocence. *See Bousley*, 523 U.S. at 623-24; *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle*, 672 F.3d at 1018 (evidence not "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987 at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Coleman has failed to convince this court that it is more likely than not that no reasonable juror would have found him guilty in light of his alleged "new evidence." *Schlup*, 513 U.S. at 327. As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Coleman's is not such a case. Therefore, he is not entitled to the actual innocence exception to the habeas statute's time bar as articulated in *Schlup*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before August 5, 2016. Any objections filed must specifically identify the

factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of July, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge